Reese, J.
delivered the opinion of the court.
,-The defendant,-who is charged with larceny in stealing cer *111 tain bank notes, having been found guilty by the verdict of the jury, moved in arrest of judgment, and assigned various-reasons, as that the bank notes are not well described; that the existence of the bank is not sufficiently alledged; that the official signature of the attorney general to the indictment does not name the district for which he is attorney, and that the indorsement of the finding of the bill of indictment, by the foreman of the grand jury, is not sufficient.
As his Honor, the circuit judge, very properly as we suppose, thought the first, second and fourth reasons not well taken, we shall confine our consideration to the third, which the circuit court thought of sufficient importance to arrest the judgment.
The only difference from the usual finding, consists in the omission of the indefinite article, “a,” before the words “true bill.” The indorsement is, “true bill,” instead of “a-true bill.”
We deem it wise and prudent, because safe, in all concerns in the administration of justice, to adopt those words- and forms of expression, which long and well established usage may have prescribed. But we do not suppose that the omission of the article “a” changes the meaning of the indorsement, or the character of the finding. Either mode of expression is highly eliptical, and is intelligible only because of its relation to the paper upon which it is written.
They alike by the place where put and by conventional use, import that “we, the grand jury, find that the within bill of indictment is true.”
If the words just quoted were used, although differing from the common form, would any one doubt that the return would be good? So of any of these, “This is a true bill of indictment,” “This is a true bill,” “a true bill of indictment,” “a true bill,” “true bill,” — who shall say that but one of these is good, or that all of these 'modes of expression but the last are good, when that last, from its relation to the indictment-on'which it is written, and from its intrinsic meaning, although the-‘most simple and eliptical, is as intelligible as any, and conforms most nearly to the severe simplicity and brevity of the latín original.
*112 One word, ignoramus, by being placed upon the bill, was deemed sufficiently explicit, when a bill was returned as not true. We are not prepared to say that the single emphatic word, “true,” indorsed upon a bill, and officially signed, would not sufficiently find it, and the words, “not true,” reject it.
We think therefore that the judgment was erroneously arrested, and we reverse the decision, and give'judgment [.for the state.